# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

SANTIAGO REYES, Individually, and on Behalf of
All Other Persons Similarly Situated,

Plaintiffs,

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

PREFERRED PAYMENT SYSTEMS CORP.,
MARK BARON, MARK PETRUZELLI and RUDI
PURISIC,  d/b/a PARKING SYSTEMS, ET. AL.

## 08 CV 03315

Defendants.

TO: (Name and address of defendant)

PREFERRED PAYMENT SYSTEMS CORP., MARK BARON, MARK PETRUZELLI
and RUDI PURISIC,
28 Fourth Street, Valley Stream, N.Y. 11581

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite
1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

APR 0 3 2008

DATE

08 CV 03315

JUDGE HOLWELL

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
LAW OFFICE OF JEFFREY M. GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

SANTIAGO REYES, Individually
and on Behalf of All Other
Persons Similarly Situated,

                      Plaintiffs,

      -against-

PREFERRED PAYMENT SYSTEMS CORP,
MARK BARON, MARK PETRUZZELLI and RUDI
PURISIC (All Doing Business as "Parking Systems"),
And JOHN DOES #1-10,

                     Defendants.

--------------------------------------------------------------------------X

ECEIVE

APR 0 3 2008

U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT AND
JURY DEMAND**

## NATURE OF THE ACTION

1.     This is a case in which Plaintiff and the other members of the putative class

worked numerous hours as a valet parkers for Defendants and were not paid any wages at all

by Defendants but received only tips from customers for his hard work.

2.     Plaintiff ("Plaintiff") SANTIAGO REYES alleges on behalf of himself and

other similarly situated current and former employees of the Defendants who elect to opt into

this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants PREFERRED PAYMENT SYSTEMS CORP, MARK BARON, MARK PETRUZZELLI and RUDI PURISIC d/b/a Parking Systems and John Does #1-10 (together "Defendant") for work for which they did not receive minimum wage, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

3.      Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant who were employed as valets, valet parkers, parking attendants or similar positions with different titles, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for work performed for which they were not paid minimum wage as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff SANTIAGO REYES, was, at all relevant times, an adult individual, residing in Westchester County, New York.

2

8.    Upon information and belief, Defendant PREFERRED PAYMENT SYSTEMS CORP. ("Payment Systems") is a domestic corporation organized and existing under the laws of the State of New York and conducting business under the name "Parking Systems" at 28 Fourth Street, Valley Stream, N.Y. 11581. Payment Systems and a business doing business as "Parking Systems" are defined as the "Corporate Defendant."

9.    Upon information and belief, Defendants MARK BARON, MARK PETRUZZELLI and RUDI PURISIC ("Individual Defendants") are each an owner, officer, director and/or managing agent of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

10.    Upon information and belief, John Does #1-10 represent the entities doing business as "Parking Systems" or the Corporate Defendant and the owners, officers, directors and/or managing agents of the Corporate Defendant, and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

11.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as valets, valet parkers, parking attendants, or similar positions with different titles at any time since April 3, 2005 to the entry of judgment in this case (the "Collective Action Period"), who

3

were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage for hours worked (the "Collective Action Members").

12.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 400 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

14.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

4

a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendant failed to pay the Collective Action Members minimum wage for hours worked in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendant should be enjoined from such violations of the FLSA in the future.

16.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

17.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

6.    Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant as valets, valet parkers, parking attendants, or similar positions with different titles at any time since April 3, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid the statutory minimum wage for their hours worked in violation of the New York Labor Law (the "Class").

7.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 400 members of Class during the Class Period.

8.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

9.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

10.    Plaintiff is committed to pursuing this action and has retained competent

6

counsel experienced in employment law and class action litigation.

11.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

12.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.  whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

    b.  whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.  whether Defendant failed and/or refused to pay the members of the Class minimum wage for all hours worked within the meaning of the New York Labor Law;

    e.  whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    f.  whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

13.     At all relevant times, Defendant maintained and operated a valet parking business with over 400 valet parking attendant employees working at numerous sites in the

7

State of New York.

14.     Plaintiff was employed as a valet parking attendant worker by the Defendant from on or about January 2006 until the present ("time period").

15.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

16.     The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

17.     Prior to January 1, 2008, Plaintiff was paid no wages or other compensation at all by Defendants for his work as a parking attendant and received payment for his work only in the form of tips from customers.

18.     At some point during 2008, Defendants commenced paying Plaintiff by checks issued from Defendant Preferred Payment Systems Corp.

19.     Defendant willfully failed to pay Plaintiff minimum wage in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

20.     In addition to the Plaintiff, during the time period Defendants usually employed at least 400 other employees simultaneously.

21.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making

8

hiring and firing recommendations.

22.    Defendant has likewise willfully failed to pay such individuals any compensation for all of the hours worked by them in violation of the FLSA and the New York Labor Law.

23.    As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

24.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records.

25.    Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

26.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

27.    At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.    At all relevant times, Defendant employed, and/or continues to employ,

9

Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

29.    Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

30.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

31.    At all relevant times, the Defendant had a policy and practice of refusing to pay any monies for the hours worked by Defendant's employees and refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

32.    As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at the minimum wage rate for all hours worked, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

33.    As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

34.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35.    Due to the Defendant's FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendant, their unpaid wages, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment

10

of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

36.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

37.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

38.     Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them compensation for hours worked, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations, including its minimum wage laws.

39.     The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

40.     Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages and unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   An order tolling the statute of limitations;

c.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e.   An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of wages due under the FLSA and the New York Labor Law;

g.   An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay waages pursuant to 29 U.S.C. § 216 and the New York Labor Law.;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable

12

attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.


Dated:  New York, New York
        April 3, 2008

                        LAW OFFICE OF WILLIAM COUDERT RAND

                        By: _____
                            William Coudert Rand (WR 7685)

                        New York, New York 10017
                        Telephone: (212) 286-1425
                        Facsimile: (212) 599-7909

                        Jeffrey M. Gottlieb (JG 7905)
                        LAW OFFICE OF JEFFREY M. GOTTLIEB
                        150 East 18th Street, Suite PHR
                        New York, New York 10003
                        Telephone (212) 228-9795
                        **ATTORNEYS FOR PLAINTIFFS**

13

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my
name and on my behalf to contest the failure of *Preferred Payment Systems/ef., Systems Parking, Pacifico*
to pay me overtime wages as required under state and/or federal law and also authorize
the filing of this consent in the action(s) challenging such conduct. I authorize the
representative plaintiffs and designate them class representatives as my agents to make
decisions on my behalf concerning the litigation, the method and manner of conducting
this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.


_____  03-22-08    SANTIAGO ROYOS
Signature                  Date      Print Name