UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANTIAGO REYES, Individually and on Behalf of        **08-CV-03315 (RJH)**
All Other Persons Similarly Situated,

                      Plaintiffs,        **ANSWER**

    -against-

PREFERRED PAYMENT SYSTEMS CORP. MARK
BARONE, MARK PETRUZZELLI and RUDI
PURISIC (All Doing Business as "Parking Systems"),
And JOHN DOES #1-10,

                      Defendants.
-------------------------------------------------------------------X

      Defendants, PREFERRED PAYMENT SYSTEMS CORP. MARK BARONE and MARK PETRUZZELLI, by and through their attorneys, MILMAN LABUDA LAW GROUP PLLC, responds to allegations in the Complaint as follows:

      1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint.

      2.     Defendants hereby admit those portions of the allegations contained in Paragraph 2 of the Complaint which allege that Plaintiff makes certain allegations concerning his claims. Defendants hereby deny the merits of Plaintiff's claims and any resulting damages contained in Paragraph 2 of the Complaint.

      3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

      4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint. The Court should not exercise supplementary jurisdiction on the ground that state claims will pre-dominate over federal claims.

5. Defendants admit the allegations contained in Paragraphs 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraphs 6 of the Complaint.

7. Defendants deny possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 10 of the Complaint inasmuch as "John Doe" has not been identified by plaintiff.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint as no class has been certified.

6[sic].  Defendants deny possessing sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Complaint, and leave plaintiff to his proof.

7[sic].  Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8 [sic]. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9 [sic]. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10[sic].Defendants deny possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 10 of the Complaint.

11[sic].Defendants deny the allegations contained in Paragraph 11 of Complaint.

12[sic].Defendants deny the allegation contained in Paragraph 12 of the Complaint.

13[sic].Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14[sic].Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15[sic]. Defendants admit the truth of that portion of the allegations contained in Paragraph 15 of the Complaint that alleges Plaintiff's work was performed in the normal course of the Defendants' business. Defendants deny the balance of the allegations contained in Paragraph 15 of the Complaint.

16[sic]. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17[sic]. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint that such individuals exist and that such information can be obtained through appropriate discovery.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Inasmuch as a response to Paragraph 26 of the Complaint is required, Defendants incorporate each and every prior answer as if fully restated herein.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Inasmuch as a response to Paragraph 36 of the Complaint is required, Defendants incorporate each and every prior answer as if fully restated herein.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES FOR EACH AND EVERY CAUSE OF ACTION

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. The complaint fails to set forth a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. This Court lacks jurisdiction over the subject matter of this litigation and the parties hereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. The complaint fails to state a case of actual controversy between the parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. This action must be dismissed against the individual Defendants due to insufficient service of process.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

45.   The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

46.   This action is barred by the doctrines of waiver and estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

47.   This action is barred by the doctrine of laches.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

48.   This action is barred by the doctrine of unclean hands.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

49.   The Plaintiff has failed to meet their duty to mitigate damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

50.   The Defendants have fully compensated its employees for all work performed.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

51.   The Plaintiff, in whole or in part, is exempt from the minimum wage and/or overtime requirements of the laws cited in the complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

52.   The Plaintiff's Fair Labor Standards Act ("FLSA") claims against the individual Defendants are barred because the individual Defendants were not Plaintiffs' employer as defined under FLSA.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

53. The Plaintiffs cannot recover liquidated damages under FLSA because, in accordance with 29 U.S.C. §260, the Defendants at all times acted in good faith and believed that their conduct was not in violation of FLSA.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

54. To the extent that the Plaintiff could establish that the Defendants are liable under FLSA (and they cannot), the Plaintiffs' recovery must be limited because the Defendants did not act willfully.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

55. This Court lacks personal jurisdiction over the individual Defendants in that service of process is defective and/or not performed and not in conformity with the Federal Rules of Civil Procedure.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

56. This Court lacks jurisdiction pursuant to FLSA over the Defendants in that the Defendant is not an entity with gross earnings in excess of $500,000.00 and/or not involved in interstate commerce.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

57. Any act or omission on the part of the Defendants were in good faith and it had reasonable grounds for believing that such acts or omissions were not in violation of and were in conformity with FLSA, New York Labor Law, written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the claims in the complaint are barred.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

58. The Plaintiff's complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

59. The Defendants reserve all other defenses available under the FLSA.

### AS FOR AN TWENTIETH AFFIRMATIVE DEFENSE

60. The complaint is barred, in whole or in part, by the doctrine of payment.

### AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

61. The complaint is barred, in whole or in part, by the doctrine of release.

### AS FOR AN TWENTY-SECOND AFFIRMATIVE DEFENSE

62. The Defendants are entitled to a set-off for monies paid for any hours that Plaintiff was not working.

### AS AND FOR TWENTY-THIRD AFFIRMATIVE DEFENSE

63. The Plaintiff's claim for minimum wage pay may not be maintained as the Plaintiffs were paid wages in excess of those required under applicable regulations of the New York State Department of Labor.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. The Plaintiff's is unable to meet the criteria necessary to maintain a class action.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

65. The Plaintiff's claims are unable to be brought as a class action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

66. The potential class is not so numerous that joinder would be inpracticeable.

### AS AND FOR AN TWENTY-SEVENTH AFFIRMATIVE DEFENSE

67. The questions of law or fact are not common to the potential class.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

68. The claims or defenses of the parties are not typical of the claims or defenses of the potential class.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

69. The interests of the potential class will not be fairly and adequately protected.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

70. The Plaintiff lacks any commonality with those he alleges are potential members of a class.

### AS FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

71. The Plaintiff is not an adequate representative of the putative class members.

### AS FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

72. Class certification is not appropriate pursuant to section 216(b) of the FLSA.

### AS FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

73. The complaint is barred, in whole or in part, because the Plaintiff cannot establish they are similarly situated for the purposes of 29 U.S.C. §216(b). Thus, class certification is not appropriate.

### AS FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

74. The complaint is barred, in whole or in part, because the Plaintiff has failed to satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. § 216(b).

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

75. There does not exist a class of persons who are similarly situated to the Plaintiff with respect to the application of FLSA against the individual Defendants.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

76. The Plaintiffs do not satisfy the prerequisites of Fed. R. Civ. P. 23 and cannot maintain a class action.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

77. This action may not be maintained as a class action under Fed. R. Civ. P. 23 with respect to claims under the New York Labor Law. Upon information and belief, individual issues predominate over common issues, and the claims of the named Plaintiff are not typical of those of other putative class members.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

78. This action may not be maintained as a class action under Fed. R. Civ. P. 23. Upon information and belief, the named Plaintiff lack standing to assert injury as a result of Defendants' actions.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

79.     The Plaintiff's claim for liquidated damages under the New York Labor Law may not be maintained as a class action.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

80.     The Plaintiff's minimum wage claims are not appropriate collective action claims and may not be certified to proceed as a collective action pursuant to 29 U.S.C. § 216.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

81.     The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of his claims.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

82.     The damages alleged in this action by the Plaintiff, if any were in fact sustained, were caused by the acts or omissions of others, including the Plaintiff, for which the Defendants have no legal responsibility or culpability.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

83.     This action is barred, in whole or in part, as a result of the Plaintiff's own wrongful and dilatory conduct and their own actions or inactions.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

84.     Plaintiff is precluded from receiving any relief by virtue of his own fraudulent conduct.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

85. The Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims. These additional defenses cannot be articulated at this time due to the Plaintiff's failure to properly describe its claims with sufficient particularity in the complaint.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

86. Defendants are not a covered employers as defined under the Fair Labor Standards Act.

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

87. Plaintiff's actions are completely retaliatory.  Plaintiff's actions are predicated on Defendant properly withholding taxes from Plaintiff's pay.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, with prejudice, and awarding Defendants attorneys' fees, costs and disbursements of this action, and such other and further relief as this Honorable Court deems just, equitable and proper.

Dated: Lake Success, New York
       May 13, 2008

                                    MILMAN LABUDA LAW GROUP PLLC


                                    By:   /s/_____
                                          Joseph M. Labuda (JL-5213)
                                          Attorneys for Defendants
                                          3000 Marcus Avenue, Suite 3W3
                                          Lake Success, NY  11042
                                          (516) 328-8899